919 F.2d 140
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
In re LEE WAY HOLDING COMPANY, Debtor.
LEE WAY HOLDING COMPANY, Plaintiff-Appellee,
v.
LIBERTY MUTUAL INSURANCE COMPANY, Defendant-Appellee,
v.
PEPSICO, INC., Appellant-Creditor,
Official Creditors' Committee of Lee Way Holding Company.
 No. 90-3782.
 United States Court of Appeals, Sixth Circuit.
 Nov. 28, 1990.
 
 Before KRUPANSKY, RALPH B. GUY, Jr. and SUHRHEINRICH, Circuit Judges.
 
 ORDER
 
 1
 PepsiCo, Inc., a creditor of the debtor, Lee Way Holding Company, appealed an order of the bankruptcy court in this adversary proceeding brought by the debtor against Liberty Mutual Insurance Company. The district court denied PepsiCo's appeal and remanded to the bankruptcy court for further findings. PepsiCo then brought this appeal from the district court's order. Liberty Mutual moves to dismiss this appeal on grounds that the district court's order is not final and appealable. PepsiCo responds in opposition.
 
 
 2
 This Court has appellate jurisdiction from all final decisions, judgments, orders, and decrees entered by the district court in appeals from the bankruptcy court. 28 U.S.C. Sec. 158(d). In the instant case, the district court denied PepsiCo's request to vacate the bankruptcy court's approval of the settlement agreement which had been reached in the adversary proceeding to which PepsiCo was not a party. At the same time, however, it remanded for consideration of the objections to the settlement agreement filed by PepsiCo and the creditor's committee which the bankruptcy court had not ruled upon. Although in some instances an order remanding to the bankruptcy court has been held appealable, see e.g., In re: Gardner, 810 F.2d 87 (6th Cir.1987), (under particular facts of that case court held that district court's order reversing bankruptcy court order on pure question of law which was the central, determinative issue underlying the dispute was appealable), this is not such a case. The findings the district court has directed to be made on remand are relevant to the issues presented in this appeal.
 
 
 3
 It is therefore ORDERED that the motion to dismiss is granted.